## THE MISSOURI PACIFIC RAILWAY COMPANY v. S. P. CORNELL.

CONTRIBUTORY NEGLIGENCE; *Question for Jury.* In an action brought against a railway company by the owner of an orchard to recover damages from fire alleged to have been communicated from the engines of the company to his premises, thereby injuring, burning and destroying his apple trees, evidence was presented upon the trial tending to establish that the orchard was situate adjoining the right-of-way of the railroad company; that the trees were heavily mulched with manure, and were wrapped with dry grass, straw, and stalks; that the orchard was covered with old grass and corn stalks; that there was a heavy coating of old vegetation between the trees; that the fire started from red-hot coals or cinders thrown or dropped from the engines of the company upon its right-of-way; that it ran through the grass and weeds on the right-of-way to the orchard, and through the orchard into the mulching, dry grass, straw and stalks around the trees: *Held,* That sufficient evidence was offered in the case to require the court, upon the request of the railway company, to submit to the jury whether the owner of the premises was guilty of contributory negligence; and whether he was guilty of such negligence, or not, was a question for the jury to decide.

*Error from Anderson District Court.*

ACTION brought by *Cornell* against *The Missouri Pacific Railway Company*, to recover damages by reason of fire alleged to have been communicated by the engine of the defendant to the property of the plaintiff. The petition alleged that the Missouri Pacific Railway Company had the care, management and control of a line of railroad extending through the county of Anderson, in this state, and that on the 17th day of September, 1881, the company while running one of its trains on its road, managed its train carelessly and negligently, and failed to employ suitable means to prevent the escape of fire from the engine that was running the train, and also permitted dead and dry grass and other combustible material to remain on the right-of-way of the defendant, near the track of its road, so that, by reason of its carelessness and negligence, fire escaped from the engine of the company and set fire to the dry grass and other material on the right-of-way, and by reason of a continuous body of dry grass and other material, it was communicated to the premises of the plaintiff, and then and there injured, burned and destroyed one hundred apple trees belonging to the plaintiff, of the value of $1,000.

To this petition the railway company set up as a first defense, a general denial, and as a further answer alleged that the plaintiff was guilty of negligence and carelessness contributing directly to the injury complained of, in this, to wit: that he permitted dead and dry grass, and other combustible material to be and remain in his orchard, and permitted a continuous body of dry grass to extend from his orchard and connect with adjacent prairie, and with the right-of-way of defendant's road; and that he placed and caused to be placed around his apple trees large quantities of dry and combustible material, and carelessly and negligently so permitted it to remain, and carelessly and negligently permitted fires to come upon his premises; and thereby the injury complained of was occasioned without the fault or negligence

of the defendant. The plaintiff replied to the answer by denying each and every allegation of new matter contained therein. Trial had at the September term of the court for 1882. At the trial, the court instructed the jury as follows:

"This is an action for negligence alleged to have been committed by the defendant in causing damage to plaintiff's orchard by fire communicated by its engine while operating its railway in this county in September, 1881.

"In order for the plaintiff to recover, he must show to the jury by satisfactory proof that he has been damaged; that such damage was caused by the negligence of the defendant.

"If the defendant in operating its road used engines which, by reason of their faulty construction, or by reason of their improper and careless management by those having them in charge, or by reason of any other matter which human prudence could reasonably guard against, distributed fire as they passed along the track, and such fire communicated with the vegetation upon the adjoining lands and caused damage to the plaintiff in this action as charged in his petition herein, then the defendant is liable therefor in this action.

"A railway company is chartered to use engines and cars, to carry men and freight at great speed and in large quantities, and is authorized to use extraordinary means and power to accomplish these purposes; but while so using them it is its duty to so construct its machines as not to damage the property of the people living upon the line of its right-of-way.

"If you shall find from the evidence that the fire which burned the plaintiff's property was caused by coals or cinders dropped from the defendant's engine, and you shall find that the engine used by the defendant was constructed upon such a principle that, if in perfect order and properly operated, no coals or cinders would escape therefrom so as to cause such a fire, then the jury will be authorized to draw from such facts such legitimate conclusions in regard to the cause of such fire as such premises indicate; and the jury would be authorized to find that some defect existed in the engine, although it was unknown to the person operating it, as every effect must have a sufficient cause, whether that cause be known or not.

"If the defendant's power or engine could not be operated without distributing fire along the track, and the jury find that such fact was, or ought to have been known to defendant, or its agents, operatives and employés, and the defendant, so knowing such fact, allowed weeds, grass and other combus-

tible material to accumulate upon its right-of-way, and that thereby the liability to set fire by the engines of defendant's road was increased, the jury may take such facts into consideration in making up their judgment upon the question of negligence in this case.

"The burden of proof is upon the plaintiff, and he is bound to show to the satisfaction of the jury by his evidence that the defendant's negligence caused the injury complained of."

A verdict was returned for the plaintiff for $187.31, and judgment rendered thereon. The *Railway Company* brings the case here.

*W. A. Johnson,* for plaintiff in error.

*A. Bergen,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The principal question in this case is, whether there was any evidence introduced upon the trial tending to show that the plaintiff below was guilty of contributory negligence. The evidence disclosed, *inter alia,* that plaintiff's orchard, where his apple trees were standing, was situate adjoining the right-of-way of the railroad company, about one half-mile eastwardly of Westphalia station, in Anderson county; that on the morning of the fire (September 17, 1881), before twelve o'clock M., two trains passed westwardly on the railroad by the orchard; that one of these was a passenger train and the other a freight train; that the fire started from red-hot coals or cinders about as large as walnuts, on the railroad between the rails, or from a little pile of cinders eight or ten feet outside of the rails; that at the time of the fire the weather and vegetation were dry, and a high wind was prevailing; that the trees in the orchard were all heavily mulched. Some of the witnesses testified that eight or ten bucketfuls of manure were around each tree, and also that many of the trees were wrapped with grass, straw, and stalks; that some of the mulching was put around the trees in the spring of 1880, some in the winter of 1881, and some about two weeks before the fire; that the orchard was covered with old grass

and corn stalks which had probably grown there the year before, and that there was a heavy coating of old vegetation between the trees; that the fire ran through the grass and dead weeds on the right-of-way to the orchard, and through the orchard to the mulching and dry material around the trees; that the fire scorched the trees, and killed forty or more of them; that it also got into the manure and dry material around the trees, and burned a considerable time; that the fire was burning in the mulching around the trees over two days.

Among other instructions prayed for, the railway company asked the court to charge the jury that if plaintiff below was guilty of contributory negligence, contributing directly to the injuries complained of, he could not recover. This instruction and all other instructions directing the attention of the jury to consider the contributory negligence of plaintiff below, were refused.

If there was any evidence upon which to base these instructions, the court committed error, because in its general charge it wholly ignored the matter of contributory negligence. Whether a party is guilty of negligence, or not, is a question of fact for the jury, and not a question of law for the court to decide, when the evidence tends to establish such negligence. In view of the evidence of the manner in which the trees in the orchard were wrapped, of the character of the mulching thrown around them, and of the old grass and corn stalks left in the orchard, the question whether the plaintiff below was guilty of negligence, or not, should have been submitted to the jury. It is apparent from the findings, that the jury returned the verdict against the railway company mainly because the company had not kept its track and contiguous land free from weeds, grass and other material likely to be ignited by coals dropped or thrown from its engines. But if the plaintiff below was equally guilty in failing to use reasonable means to avoid the destruction of his property, his failure to do so would also be negligence; and if he were thus guilty of like

negligence with the railway company, he could not recover. (*Railway Co. v. Brady*, 17 Kas. 380.)

Counsel of plaintiff below alleges that the instructions upon the question of contributory negligence are confined solely to the mulching of the trees, and then argues that as the plaintiff used his land in a natural and proper way for the purposes for which it was adapted, there was no evidence tending to show negligence on his part. Counsel misinterprets the record. Some of the instructions refused were as follows:

"9. If the jury find from the evidence that the plaintiff placed a large amount of straw and other dry and inflammable material about his apple trees and permitted such material to remain about his trees, and knew that the railroad track was near, and that defendant's trains were passing over its road every few hours, and knew that his orchard was so near the track as to be exposed to great danger from fire in consequence of this inflammable material placed there by plaintiff; and if said dry straw and other inflammable material contributed directly to such injuries, then the plaintiff cannot recover in this action.

"10. The plaintiff cannot recover for property negligently burned by defendant, if his own negligence contributed directly to the injury.

"11. It is a circumstance the jury may consider as going to prove contributory negligence, that plaintiff placed straw and other dry and combustible material around his apple trees and permitted it to remain around them for a long time, and up to and at the time of such injury, with a full knowledge that the railroad was within a few rods of his trees, and that his orchard in that condition was greatly exposed to injury by the escape of sparks from the passing engines on the track of defendant's road."

We do not in any way intend to intimate that the mulching and wrapping by plaintiff below of his apple trees, or his failure to remove from the orchard the old grass and corn stalks, was *per se* and as a matter of law, negligence. But upon the introduction of evidence tending to prove these facts, a question of contributory negligence was thereby presented, and this question of fact was for the jury to decide.

The other alleged errors are such as are not likely to occur upon another trial, and therefore need not be commented upon.

The judgment of the district court will be reversed, and the cause remanded.

All the Justices concurring.